United State Northern District
Court of Amarillo, Texas

Civil Complaint

OCT 15 2025 A 10:24
FILED - USDC - NDTX - AM

Turner Robert
Plaintiff

V.

Senior Warden Adam R. Gonzales
Asst. Warden Daniel V. Pacheco
Asst. Warden Carl Schivart
Grievance investigator Stephanie Patton
Grievance Angelique R. Turner
Correctional officer Lori Tiller
Correctional officer Dustin Spragins
Correctional officer Jamie Young
Program Supv Isabel Gallegos, in
their official and individual capacities

Civil Action #

2-25 CV - 225 - Z

Complaint
Introduction

Plaintiff Turner Robert is incarcerated in the custody of the
Texas Department of Public Safety and Corrections here at the William P.
Clement unit. The Plaintiff have lived my incarcerated life here for 4 1/2
years at the William P. Clements unit at Amarillo, Texas

Over the course of my incarceration Mr. Turner worker have also
built a successful productive life at the Clements unit. The Plaintiff
have graduated from virtually every self-help program available at the Clements

3 unit, which is Cognitive intervention, Changes, meat cutting, Parvid Program for mental 9/11 National District called Seabrook Prison under anger management, GED and Peer to Peer counselor. I have also taught bible study on varias of topic as a leadership and management For Toastmasters. Serving as a Secretary of the chapter and achieving the status of Advanced Toastmaster and Received notional and local accolades for my work. In 2023 of Dec 18th, Dec 26 2023, January, 2 2024, January, 9 2024 and January 16 of 2024, I The Plaintiff Filed Several Step 2 Grievances pertaining to the Plaintiff Stolen Personal Commissary Property which is A type writter, multie out let, Night lamp / with Light Bulb, Boots And Radio cable Requiering that these Commissary Purchase Item be Return back to the Plaintiff but there wasn't A Response back from Grievance investigator Ms. stephanie Potton or Angelique R. Tremel concerning the investigation of the Plaintiff Personal Property nor Were any of the Grievance that the Plaintiff Have on the 18th of Dec, Dec 26 2023, January, 2 2024, January, 9 2024 And January, 16th of 2024 was ever Return back to me So that A determind out-come can be thoroughly conducted Concerning the fileing Grievances and the Complaintiff Property. On the 2nd of Dec 2023, the Plaintiff was Placed in the Parvid Program for mential ill Aggessisive offender who have been di-Agnose with Bipolar huge depression and schizophrenia. While Participating in the Parvid Program, All offenders are not allow to have A Hot-Pot, Razores, miceors. their crease. multi-outlet, Boots, Type writter, Night Lamp (w) light bulb and Radio cable. On the 21 of Dec 2023. Sgt. Mr. Luis A Velarde intel 12-building A-And 23 B cell Where the offender were living At the time And implemented A housing cell Search that was commanded by Senior Warden Mr. Adam L Gonzales, Asst. Warden Mr. Carl Jehinaet And Asst. Warden Mr. Daniel V. Pacheco. After Sgt. Velarde enter my living location; Sgt. Mr. Velarde, Property officer Mr. Austin L. Spassiari and property officer Ms. Lori R Fuller and Property officer Ms. Jamie, Young disaver that the, Plaintiff had these commissary Personal items and were takeing From the Plaintiff And Sgt. Mr. Velarde stated to me, that, once I am finish with the Parvid Program and Placed back into the General, You will Receive Your Personal Commissary back. After discuering that the Program did meet my Required expectation According to Plan, the Plaintiff Discharged From the Parvid Program As of Dec, 8th of 2023, And was Placed in 3L-34 T unit in the General Population. After Awaiting for approximately 10 working day to Receive my Property back, the Plaintiff did

notify the Property Officer mr. Spassiei' and ms. Yang concerning Receiving my Property Really concerning the inmate Request from that I have sent out to ms. Yang and mr. Spassiei'. After Receiving no Response for more than 10 working days, thats when I filed multiple Step 1 Grievances to ms. Stephanie Patton and ms. Angelique Turner concerning my Personal Property, and concerning those Grievances, The Plaintiff hadn't Received A Reply nor have any of those Step 1 Grievance was Return Back to me as implemented by the unit Grievance Rules, Regulation and Policy. After filing multiple Step 1 Grievances concerning early Receiving my Personal, and hadn't Gotten Back A Response, The Plaintiff did notify Senior Warden mr. Adam R. Gonzales, Asst. Warden mr. Carl Schilhart, Asst. Warden mr. Daniel V. Pacheco and Program Isabel Gallegos on the 13th of February 2024 concerning the Grievances that I have filed, the multiple Complaint that was written to the unit Administration, and how I hadn't Gotten A Response Back From the Grievance investigation office, and could these department be notified concerning this matter. After continue to notify the Grievance department concerning Receiving all of my Step 1's Back Concerning my Personal Property as well as notifing the Property officers by Request concerning my Personal Property; Property officer ms. Yang and mr. Spassiei' did approach my living location SC-34 cell, and stated to the Plaintiff because ~~would you do~~ You consist to Write Grievances, and bother the Administration About Your Personal Property, You will not Receive Your Property nor will You Receive any of Your Grievances Back which would eliminate You From filing A Step 2 concerning Your Property! thats when on March, 21 2024, The Complaintive Was then Placed in High Security (EcB) out of Retaliation due to writing Grievances, Were Fed Cold Foods Next 180 days without showers due to constant daniel, nor did I have running hot water or electricity For more then 60 days in High Security (EcB) F-205 cell. After filing Grievances From march til April concerning those Grievances once back ~~either~~, the Plaintiff was then moved From High Security (EcB) F-205 T to 11-building which have been design to hold All offenders For Pending housing investigation (PHD) cell 11-building 2 low 16 cell where there Was no running water or electricity For 20 days. Once my 20 working day stay was over At 11-building 2 low 16 cell, The Plaintiff was then ~~nothing to~~ was Retaliated upon ~~and~~ Placed in 7-building C Section 25 T cell, where I have Since been moved to From 7-building C Section 25 cell to 3 building-2 section 55T Back to 7 building 2section 34T Where Idm living

new. During the consistant and cruel and unusual Reprisal, and Retaliation against the Plaintiff for filing Grievances concerning receiving personal Property back, there has been days of Retaliation that the Plaintiff didn't receive tooth paste or even a tooth brush my teeth. I had to brush my teeth for approximately 80 days with my finger and salt. I was held in these solitary Confidment Conditions for 20 days and ultimately served 126 days in Punitive Segregation / High Security as a law Security Risk offender out of Retaliation for writing Grievances. Mr. Turner was subjected to the most severe and Punitive treatment according to and by the Department to its Prisoners. The Plaintiff offense was Communicating to the Grievance Department concerning the Plaintiff Personal Property and I was Retaliated against for Exercising the Grievance Rules, Regulation and policy, which states that, if the offender has a Problem concerning a Certain matter or current Situation; Write a Grievance. Further investigation was denied and the Grievances that the Plaintiff have filed in the Grievance office wasn't return back to the Plaintiff So that the Plaintiff can follow and complete all Remedy Rules, Regulation and Policy that have been implemented by the Judicial Courts as well as according to the Rules, Regulation and policy, that have be explain according to the Written Grievance Documentation. This Retaliation Conducted by the Defendents has been Personally devastating to Mr. Turner. It is also unconstitutional and Gives Rise to the instant Action.

## Jurisdiction

This Cause of Action Arises under the United States Constitution, Enforceable Pursuant to 42 U.S.C § 1983. Jurisdiction in this Court is Proper Pursuant to 28 U.S.C. §§ 1831 and 1343 (a)(3).

This Court is Authorized to Grant declaratory Relief under 28 U.S.C. §§ 2201 and 2202.

## Venue

Venue is Proper under 28 U.S.C § 1391 (B)(2) because a Substantial Part of the events or omission Giving rise to the claim[s] occurred in this District

Parties

Plaintiff Turner Robert is a Person incarcerated in the custody of the Texas Department of Criminal Justice-Institutional Division. I am currently housed at the Williams P. Clement Unit Correctional in Amarillo, Texas. The Defendants Retaliated Against Mr. Robert Turner in Response to the Exercise of his First Amendment Rights, and denied him due Process of Law, as more Fully Articulated infra. Defendant Adam R. Gonzales is the appointed Senior Warden of the Department of Public Safety and Corrections For the William P. Clements Unit. He has overall Responsibility For the Policies, Procedures, operations and Supervision of the TDCJ, its employees, Agents, assigns and Correctional Facities, including the Williams P. Clements State Penitentiary in Amarillo, Texas. He is ultimately Responsible For Policy making and decision making For the Williams P. Clements Unit Facilities, and also a unit Policy maker Pertaining to Freedom of Speech, the Ability of Prisoners to Communicate with members of each department, Retaliating against Prisoner For Speech and due Process afforded to Prisoners, inter alia. He has as the defendant the authority to not impose or maintain the Retaliatory Against Mr. Turner but he chose to impose and maintain it. Thus, Defendant Mr. Adam R. Gonzales is in Active Participant in the acts Complained of herein, both via Personal involvement and in his capacity of Policy making. He is Sued in his Official capacity For injunction For damages. He is the Resident of Full Age of maturity of the Williams P. Clements Facility.

Defendant Ms. Isael Collegus is a Current employee of the Department of Public Safety and Correctional; believed to be the chief of Classification operations, acting under the direction and Supervision of Adam Gonzales. Ms. Collegus are also Responsible For implementing Policies Promul Gated by Defendant Mr. Adam Gonzales as well as Responsible For Reassign N housing location, which I was moved From cell location to cell location in Retaliation For Exercise of his First Amendment Rights. Ms. Collegus has Physically ordered the transfer of Plaintiff Turner Form Solitary Seg Regation to High Security (ECB) back to Population. Defendant Ms. Collegus has modified Salient TDCJ Policies Since Plaintiff Mr. Turner housing location. She also has the authority to not impose or maintain th

Retaliation against Mr. Turner but he chose to impose and maintain it. Defendant Ms. Colless was engaged in the executive Retaliation complained herein both personally and as a final maker for the TDCJ. She is sued in her official capacity for injunctive relieve and in her individual capacity for damage. Defendant Asst Warden Mr. Carl Schippert is the Asst. Warden at the Williams P. Clements unit acting under direction and supervision of Defendant Mr. Adam Gonzales. He has Responsibility for Some Policies, Procedures and operations of TDCJ, including Specifically those effecting Mr. Turner. He Administratively denied and overrode the decision of the cell block Review board to Return Plaintiff to medium Custody Classification, thereby Personally Perpetuating the ongoing Retaliation against Turner for his Grievance Writing to the Grievance Department. He had the authority to not impose or maintain the Retaliatory against Mr. Turner but he chose to impose and maintain it. He thus both Personally and through direction to his designees and staff is Responsible for the harm to Mr. Turner. He is sued in his official capacity for injunctive Relief and in his individual for damage. He is a Resident of full age of majority of the middle District of Amarillo, Texas

Defendant Asst. Warden Mr. Daniel V. Pacheco is the Asst. warden at the Williams P. Clements unit acting under direction and Supervision of Defendant Mr. Adam Gonzales. He has Responsibility for Some Policies, Procedures and operations of TDCJ, including Specifically those effecting Mr. Turner. He Administratively denied and overrode the decision of cell block Review board to Return Plaintiff medium Custody Classification while in High Security, and thereby Personally Perpetuating the ongoing Retaliation against Turner for his Grievance Writing to the Grievance Department. He had the authority to not impose or maintain it the Retaliators, but he chose to not do So. He thus both Personally and through direction to his designees and staff is Responsible for the harm to Mr. Turner. He is sued in his official Capacitity for injunctive Relief and in his individual for damage. He is a Resident of full age of majority of the middle District of Amarillo, Texas. Defendant Ms. Stephanie Patton is an employee, agent and assign of the Texas Department of Criminal Justice—Institutional Division and Corrections, acting both of her own volition and under direction and Supervision

of Defendants Adam Gonzales - Asst. Warden Mr. Daniel V. Pacheco and Asst. Warden Mr. Earl Schisset. Defendant Ms. Stephanie Patton is a Supervisor and member over the Grievance Department. Ms. Patton is Responsible to ensure that all Grievance is Pick up out of a lock and key Box thoroughly investigated concerning the complaint and those Grievances are Retun back to the offender with a Response within 45 days after the Step 2 Grievance has been Filed but out of Retaliation. Ms. Stephanie Patton did not Retun the Plaintiff hindering the Plaintiff From Persueing a complete Grievance Process as have been Authoriz by the courts. Defendant Ms. Patton Personally the Retaliating in Violation of Mr. Turner's First and Fourteenth Amendment Rights. She had the Authority to not impose or maintain a Retaliatory Act against Mr. Turner but she chose to impose and maintain it. She is Sied in his official Capacity For injunctive Relief and in her individual capacity damages. She is a Resident of the full Age of majority of the Distri of Amarillo, Texas.

Defendant Ms. Angelique R Turner is an employee, agent and assign of the Texas Department of Criminal Justice-institutional Division of Public Safety and Correction Acting both of her own volition and under direction and Supervision of Defendant Warden Mr. Adam Gonzales, Asst. Warden Mr. Earl Schisset and asst. Warden Daniel V Pacheco. She is also a member and asst. Supervisor of the Williams P. Clements unit Grievance Department and her substandard duty Performance is to also ensure that all Grievances is Picked up, investigated according to the written complaint and those step 1's and step 2 are Retun back to the offender within 45 day implementing a Response but Ms. Turner did not Retun any of my Grievances hindering the Plaintiff From Persueing a Complete Grievance Process as have been Authorized by the courts. Defendant Ms. Turner Personally this Retaliatory in Violation of Mr. Turner's First and Fourteenth Amendment Rights. She had the Authority to not impose or maintain a Retaliatory Act against Mr. Turner but she chose to impose and maintain it. She is Sied in her official Capacity For injunction Relief and in her individual Capacity For damage. She is a Resident of the full Age of majority of the

middle District of Amarillo. Defendant Ms. Jamie Young is an employee, Agent and Assign of the Amarillo Department of Public Safety and Corrections Acting both of her own Volition and under direction and supervision of Defendant mr. Adam Gonzales, Asst. Warden mr. Daniel V Pacheco and Asst. Warden mr. Carl Schiwart. Defendant Ms. Jamie Young is the Population Supervisor over the Property Room Department and Ms. Young Primary Substandard Duty Performance is to ensure that the Personal Property is inspected for Alteration Impairment, and if it is not So, the offender Personal Property Return back to the offender Accompanied by Sending the offender a layin to pick his property up or send the offender Some Confiscation Paper indicating Alteration, but Ms. Young did not Return my Personal Property back to the Plaintiff After the Plaintiff Discharged from the Pamio Program nor did Ms. Young issue the Plaintiff any Confiscation Papers indicating why my Personal Property will not be Return back to me. Ms. Young Personally imposed the Retaliatory Punishment in Violation of mr. Turner First and Fourteenth Amendment Rights. She had the Authority to not impose or maintain the Retaliatory Against mr. Turner but She chose to impose and maintain it. She is Sued in her Official Capacity For injunctive Relief and in her individual Capacity For damages. She is a Resident of the full Age of majority of the middle District of Amarillo.

Defendant mr. Dustin Spassiari is an employee, Agent and Assign of the Department of Public Safety and Corrections Acting both of his own Volition and under direction and Supervision of Defendant mr. Adam Gonzales, Asst. Warden mr. Daniel V. Pacheco and Asst. Warden mr. Carl Schiwart. Defendant mr. Spassiari' who were over 12-building Property Room during the that the Plaintiff Filed his Grievances in the Grievance Department is also Solely Responsible For taking the offenders Personal Property that offenders don't Suppost to have While the offender is in the Pamio Program. His Substandard duty Performance is to also ensure that all Property is checked for Alteration and if So, Confiscation Papers are sent to Ya and if not, the offender Receive his Personal Property back once the offender have completed the Pamio Program or the offender decides to Discharge the Pamio Program. mr. Spassiari' did not Send

my Personal Property back to me After Commissary Receipt was shown to him nor did Mr. Spagiari any confiscation papers back to me indication A Possible Alteration of Mr. Turner Property.

## Claim of Relief
### First Claim

First Amendment Violation: Retaliation For exercise of free speech. Defendants violated the Plaintiff Rights under the First and Fourteenth Amendments to the United States Constitution by Retaliating against him for writting Grievances, the Grievances wasn't Return back to me, And in this Process the Personal Property was kept from me and were moved to Varias cell locations / High Security As A medium Custody offender in Retaliation for writting Grievances.

### Second Claim

Fourteenth Amendment Violation: Deprivation of due Process of law

Defendents Violated Mr. Robert Turner Right to due Process thrush their improperly handling in A Violating way Within the matter by Stopping the Plaintiff For Filing Grievance, not Processing those Grievances which is A Violation of statutory Authority / court order / Rules / Resolution And Policy According PD 22.20, (Texas Penal code 39.07). The Plaintiff was Also deprived his entire Privilege Rights to Properly Exhuast his Grievance Remedy effectively.

### Prayer For Relief

Wherefore, the Plaintiff Prayes that the Honorable court grant

the Folow Relief.

A. Declare that the Acts And omission of the defendants Violated the Plaintiff Constitutional Rights and Federal Law.

B. Enter an injunction Requiring the defendants, their Agents, Suboordinate's Employees and all other Acting in Concert with them to cease their unconstitutional and unlawful Practices and to Remedy their Violations of the Constitution and the Laws:

C. Enter an injunction Requiring defendants to Restore to Plaintiff all Rights and Privileges concerning my Personal Property as I have inJoyed Prior to the taking of my Personal Property.

D. Award to the Plaintiff nominal Compensatory within the amount of $408.00 concerning the items of my Personal Property that have been taking from me out of Retaliation.

Respectfully Submitted this the 15th day of August 2025

Robert Turner # 02186386
Robert Turner
William P. Clements unit
9601 Spur 591
Amarillo, Texas 79107

February. 20 2025

Northern District Court of Texas
205 SE Fifth Street, Rm. 133,
Amarillo, Texas 79101-1559



Dear District Court, and the Presiding—
Honorable Judge of the Court: My name is Robert Turner # 02186852
, Who is Currently incarcerated at the Texas Department of Crim-
Justice- institutional Division— Williams P. Clements Unit here at
Amarillo, Tx. I the Plaintiff Robert Turner Would like to inform
the Amarillo, Tx District Court office, that, this is My First time filing
a 1983 Complaint; and accompanied by the Examples, I am hoping
that I even became close to where, the Amarillo District Court Will
even Considering accepting my complaint. I also Would like to —
mention, that, I am also Very Sorry for the Paper of choosing. Due
to multiple Grievances written to the Grievances Dept, I have been
Retaliated Against; and Constantly have been Isolated with Threats;
to Where as a Indigent offender, I have been denied all Access
to the Law Library So that Iam able to Receive the Right Type of
Paper that is Required by the Courts to File a Complaint, and all my
Step 2 Grievances that I have File to Grievance investigator Ms.
Stephanie Patton and Ms. Angelique Turner have been kept, and not
Return back to me. I am also aware that the Amarillo, Texas District
Court have Commanded that all Grievance must be Formly Resolve
before a Complaint is implemented; but, as I have tried, the —
unit Grievance investigator office have Refused me to Further my Compl-
aint in the correct Way, and I am Very Sorry that I wasn't
able to meet Your Policy as Required. In my Suit of individual official
Capacity, I chuse not to ask for anything for individual because in
my Relief, thats not What thats about Targeting individual out of anger.
I Just Would like to have my Property Return back to me Whether it is
given to me New or old. So, Please, Can the Courts help me Please.
IF there is Something wrong With my Complaint, Will The
District Court of Amarillo, Texas help me. I am Very Sorry that this
Complaint had to be File, but Within all that have happen to me and
Was denied all of my Grievances, and the constant Retaliations, I Just
Didn't know What else to do or Who else to turn to. Thank Yu For

In addition to what have been written, I have also written several other lawyers concerning my problem as well as other individuals, and I hadn't gotten a reply back. Except from Texas Prison Alliance and the Family Liaison Coordinator Ms. that. I am sending the these written notations.

# Texas Prisons Alliance©

P.O. Box 1563
Pearland, TX 77588
www.texasprisonsalliance.org

5/9/2025

Robert Turner
02186386
William P. Clements Unit
9601 Spur 591
Amarillo, TX 79107

Dear Mr. Turner,

Thank you for reaching out to us regarding the concerns you are currently facing. We want to assure you that we have taken your situation seriously and have contacted the appropriate individuals to advocate on your behalf.

We have been informed by Ms. Harp, the Family Liaison Coordinator, that an investigation will be conducted to determine whether a housing reassignment is appropriate in your case. We understand the importance of your safety and well-being, and we will remain vigilant on this issue as the process moves forward.

If there is anything else we can do to support you or any additional concerns you would like to share, please don't hesitate to write to us again. We are here to help in any way we can.

Best Regards,
Prisoner Support Advocate
Texas Prisons Alliance

- If you'd like us to advocate for your medical needs, please consider adding Texas Prisons Alliance to your HIPAA form.
- To support our work, donations can be made by check to Texas Prisons Alliance and mailed to: P.O. BOX 1563, Pearland, TX 77588
- When writing to us in the future, please include ATTN: [Your Issue] on the envelope or letter so we can respond more quickly.
- Family or friends can also reach out on your behalf by visiting www.texasprisonsalliance.org.
- Please allow time for follow-up—we receive a high volume of letters but respond to each one as quickly as we can.



**U.S. Department of Justice**
**Civil Rights Division**

_Washington, DC 20530_



Robert Turner, #2186386
Williams P. Clements Unit
9601 Spol 591
Amarillo, TX 79107

Dear Robert Turner, #2186386,

Thank you for your letter on March 21, 2025. Your report number is 188853-SGJ. Please refer to it if you write us in the future. This letter will tell you how the Special Litigation Section will review your report and what other options you may choose to pursue.

The Special Litigation Section only handles cases that arise from widespread problems that affect groups of people. We do not assist with individual problems, except as noted below. In general, we cannot help you recover damages or any personal relief. Nor can we assist in criminal cases, including wrongful convictions, appeals or sentencing. We also cannot assist with issues involving federal facilities or federal officials.

There are only two areas in which the law allows us to investigate and address individual incidents:

- If you are being prevented from practicing your religion in a prison, jail, mental hospital or other facility operated by or for a state or local government; or
- if you have encountered a physical obstruction or experienced force or the threat of force when accessing a reproductive health care facility or religious institution.

Each week, we receive many reports of potential violations. We analyze this information to help us select new cases or pursue existing cases. We will review your letter to see if it fits into one of these two categories. If so, we may contact you for additional information. If not, we will not contact you as unfortunately, we do not have the resources to follow up on every letter.

The Special Litigation Section protects the civil rights of:

- people in state and local correctional facilities and institutions for people with disabilities
- people when they interact with state and local law enforcement agencies
- children in the administration of juvenile justice
- people who confront a physical obstruction, force or the threat of force when they seek access to reproductive health care clinics or religious institution
- people seeking to practice their religion while in state and local institutions
- people with disabilities seeking to receive needed services in integrated, community settings

For more information about the Special Litigation Section, please visit our web page: https://www.justice.gov/crt/about/spl/ [https://www.justice.gov/crt/about/spl/], if your concern is outside our area, you may wish to consult the Civil Rights Division web page to find the correct section: https://civilrights.justice.gov/ [https://civilrights.justice.gov/].

If we are unable to help, you may wish to consult a private attorney or a legal aid organization for assistance. Thank you again for contacting the Special Litigation Section.

Sincerely,
U.S. Department of Justice
Civil Rights Division

# CERTIFICATE OF LAY ADVOCACY

The foregoing Motion/Petition/Complaint was prepared for the Petitioner-Defendant _Robert Turner_____ by the undersigned volunteer Lay Advocate. The Petitioner-Defendant is unable to do his own *pro se* legal work due to the following reasons (check all that apply):

- ☐ difficulty with the English language
- ☐ limited formal education
- ☒ limited experience doing legal work
- ☐ lack of computer literacy
- ☒ without assets to retain counsel
- ☐ physical disability
- ☐ lack of access to law library due to lockdown of institution
- ☒ lack of access to law library due to administrative segregation
- ☐ lack of access to law library due to disciplinary segregation
- ☐ other: _____

The Lay Advocate who prepared the foregoing is a prisoner in the Department of Correction. The Lay Advocate is not an attorney or paralegal, and has no formal legal training. Any errors or omissions are the ultimate responsibility of the *pro se* Petitioner-Defendant.

**Lay Advocate's comments:**

_The Petitioner Defendant do hope that this list of filings is acceptable. I have done the best that I could up under the education that I have. Thanks._

_____

# AFFIRMATION

I, the undersigned, affirm under the penalties for perjury that the foregoing representations are true and correct to the best of my knowledge and belief.

_Robert Turner_   08-15-2025
(signature)                    (date)

_Robert         Turner_
Lay Advocate (printed name /DOC #)

276



INMATE TRUST FUND
STATEMENT OF ACCOUNTS
P.O. BOX 60
HUNTSVILLE, TEXAS  77342-0060

TFSTMT        BLDG 7-G-2 ROW 2
        LOCATION: 34              UNIT:        BC

      NAME:  TURNER,ROBERT EARL
                                ACCOUNT
      DATE: 07/31/25        NUMBER: 02186386

11,172 MEDICAL CO-PAY OWED:        .00

      FEDERAL COURT FEE OWED:        .00

TEXAS COURT FEE/CHARGE OWED:        .00

INDIGENT SUP OWED: 11.92    OTHER HOLD AMOUNT:   .00      BEGINNING BALANCE:        .00

| 07/25 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|-------|------------------|-------------|----------|---------|
| 11 | AB 000000 000062    POSTAGE | .00 | | .00 |
| 21 | WP WEB SALE S SANIYA | | | .00 |
| 24 | WS RECEIPT OF WEB SALE | .00 | | .00 |

9,911

**INMATE TRUST FUND**
**STATEMENT OF ACCOUNTS**
P.O. BOX 60
HUNTSVILLE, TEXAS 77342-0060

7G-25T

TFSTMT

LOCATION: BLDG 11 ROW2    13 | UNIT:        BC

NAME: TURNER,ROBERT EARL

DATE: 01/31/25      ACCOUNT
NUMBER: 02186386

9,911 MEDICAL CO-PAY OWED:        .00

FEDERAL COURT FEE OWED:        .00

TEXAS COURT FEE/CHARGE OWED:        .00

INDIGENT SUP OWED:    .00    OTHER HOLD AMOUNT:    .00    BEGINNING BALANCE:    5.24

| 01/25 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|-------|------------------|-------------|----------|---------|
|       |                  |             |          |         |

**\*See Reverse Side For Easy Opening Instructions\***

10,033 M                                    TFSTMT

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**          LOCATION: DORM 19Y    116 | UNIT:    BC



INMATE TRUST FUND                      NAME: TURNER,ROBERT EARL
STATEMENT OF ACCOUNTS
P.O. BOX 60                                            ACCOUNT
HUNTSVILLE, TEXAS 77342-0060            DATE: 05/31/22    NUMBER: 02186386

TFSTMT

LOCATION:    DORM 19Y       116 | UNIT:      BC

NAME:   TURNER,ROBERT EARL

                              ACCOUNT
DATE:    05/31/22    NUMBER: 02186386

INMATE TRUST FUND ACCOUNTS ARE DEMAND ACCOUNTS. YOU WILL NOT EARN ANY INTEREST. YOU MAY WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOI

............................ TFSTMT ............................

| 10,033 MEDICAL CO-PAY OWED: | .00 | LOCATION: DORM 19Y    116 | UNIT: BC |

FEDERAL COURT FEE OWED:      .00      NAME:   TURNER,ROBERT  EARL

                                                                ACCOUNT
TEXAS COURT FEE/CHARGE OWED:   .00      DATE: 05/31/22    NUMBER: 02186386

INDIGENT SUP OWED:     .00      OTHER HOLD AMOUNT:    .00      BEGINNING BALANCE:    1,381.35

| 05/22 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 12 | CM | 94.95 | | 1,286.40 |
| 23 | CM | 150.25 | | 1,136.15 |

B

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INMATE TRUST FUND
STATEMENT OF ACCOUNTS
P.O. BOX 60
HUNTSVILLE, TEXAS 77342-0060

*HSE 123*

TFSTMT

LOCATION: ~~BLDG 3 B 2 ROW 27~~  UNIT: BC

NAME: TURNER,ROBERT EARL

DATE: 05/31/23     ACCOUNT NUMBER: 02186386

11,015 MEDICAL CO-PAY OWED:     13.55

FEDERAL COURT FEE OWED:     .00

TEXAS COURT FEE/CHARGE OWED:     .00

INDIGENT SUP OWED:   .00     OTHER HOLD AMOUNT:   .00     BEGINNING BALANCE:     .15

| 05/23 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|-------|------------------|-------------|----------|---------|
|       |                  |             |          |         |

10,674 MEDICAL CO-PAY OWED:          .00

FEDERAL COURT FEE OWED:          .00

TEXAS COURT FEE/CHARGE OWED:          .00

INDIGENT SUP OWED: 11.30      OTHER HOLD AMOUNT:     .00      BEGINNING BALANCE:          .00

| 06/25 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 09 | AB 000000 000062     POSTAGE | .00 | | .00 |
| 30 | AB 000000 000320     POSTAGE | .00 | | .00 |

10,674



**INMATE TRUST FUND
STATEMENT OF ACCOUNTS
P.O. BOX 60
HUNTSVILLE, TEXAS 77342-0060**

TFSTMT          BLDG 3-B-3 ROW 1
        LOCATION: 53       UNIT:      BC

        NAME:  TURNER, ROBERT EARL
                              ACCOUNT
        DATE: 06/30/25   NUMBER: 02186386



Robert Turner
#02186386
Willams P. Clements unit
9601 spur 591
Amarillo, Texas 79107



RECEIVED
OCT 15 2025

U.S. District Court
Northern District of Texas
205 SE Fifth Steet, Rm 133
Amarillo Texas 79101-1559